UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 14-mc-51621

v.                                          Honorable Thomas L. Ludington

RANDY J. CHAFFEE,

        Defendant.

_____/

**ORDER DENYING MOTION TO QUASH AND MOTION TO DISMISS**

On December 1, 2014, the United States filed a petition to enforce an IRS summons that had been served on Defendant Randy Chaffee on June 24, 2014. ECF No. 1. An Order to Show Cause was issued on December 8, 2014 that directed Chaffee to appear in court to explain why he did not comply with the IRS summons. ECF No. 2. Chaffee responded to this December 8, 2014 Order by filing a Motion to Quash Ex Parte Order to Show Cause and Dismiss Petition. ECF No. 3. In his motion Chaffee alleges a series of defects regarding the Government's Petition and this Court's December 8, 2014 Order. He claims that United States Attorney for the Eastern District of Michigan Barbara McQuade lacks standing to bring the December 1, 2014 Petition to Enforce IRS Summons; that this Court lacks jurisdiction over this matter; that the case is not an adversarial proceeding and thus cannot be adjudicated; that the December 1, 2014 Petition is "fatally flawed"; that the December 8, 2014 Order violates due process; that the IRS agent assigned to his case is not acting in good faith; and that it is unfair to coerce testimony. ECF No. 3. The Government was directed to respond to these contentions. ECF No. 5. The

Government filed their response on February 13, 2015. ECF No. 6. Chaffee is currently scheduled to appear on the show cause order on March 3, 2015. ECF No. 2.

**I.**

Under § 7602(a) of the Internal Revenue Code, Congress granted the IRS the power to issue summons to determine compliance with the Code:

> (a) Authority to summon, etc.—For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized—
>
> > (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;
> >
> > (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and
> >
> > (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

26 U.S.C.A. § 7602. The IRS is empowered to issue such summonses for "the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws." *Id*. § 7602(b); *see also United States v. Powell*, 379 U.S. 48, 57 (1964). The summons power is "critical to the investigative and enforcement functions of the IRS." *United States v. Arthur Young & Co.,* 465 U.S. 805, 814 (1984).

In order to enforce a summons, the IRS must meet the Powell requirements for establishing a prima facie case. This involves demonstrating the IRS' "good faith" that the summons: "(1) is issued for a legitimate purpose; (2) seeks information relevant for that purpose;

(3) seeks information that is not already within IRS possession; and (4) satisfies all administrative steps required by the United States Code." *English v. Krubsack*, 371 F. Supp. 2d 1198, 1202 (E.D. Cal. 2005) (citing *Powell*, 379 U.S. at 57-58). The IRS bears a light burden and generally meets that burden "by the introduction of the sworn declaration of the revenue agent who issued the summons that the Powell requirements have been met." *Fortney v. United States*, 59 F.3d 117, 120 (9th Cir. 1995). "Once a prima facie case is made a 'heavy' burden is placed on the taxpayer to show an 'abuse of process' or 'the lack of institutional good faith.'" *Id*.

## II.

In Chaffee's dual motion to quash and dismiss he alleges six different defects in the Court's December 8, 2014 Order to Show Cause and the Governments December 1, 2014 Petition to Enforce IRS Summons. As noted above, these defects are: that United States Attorney for the Eastern District of Michigan Barbara McQuade lacks standing to bring the December 1, 2014 Petition to Enforce IRS Summons; that this Court lacks jurisdiction over this matter; that the case is not an adversarial proceeding and thus cannot be adjudicated; that the December 1, 2014 Petition is "fatally flawed"; that the December 8, 2014 Order violates due process; that the IRS agent assigned to his case is not acting in good faith; and that it is unfair to coerce testimony. ECF No. 3. These objections are without merit and Chaffee's motion will be denied.

### A.

Chaffee's first contention is that Barbara McQuade, the United States Attorney for the Eastern District of Michigan, lacks standing to file the December 1, 2014 Petition to Enforce the IRS Summons that was served upon Chaffee. This formulation is misleading. Chaffee does not contend that Barbara McQuade, lacks in an individual or professional capacity, to pursue this matter against Chaffee. Rather, Chaffee contends that the United States does not have standing to

pursue this claim through its agent, United States Attorney Barbara McQuade. Chaffee makes two claims in support of this point. First, there is no active case or controversy because Congress does not have jurisdiction to order him to perform and so cannot delegate that authority to the IRS. Second, the United States Constitution and United States Code do not apply to him. These arguments are tired and meritless.

As to Chaffee's first contention, the Congress has invested the IRS with the power to inquire concerning any individual's compliance with the Internal Revenue Code. *See* 26 U.S.C.A. § 7601*ff*. This power was delegated to the IRS by the Congress which is authorized under the United States Constitution to lay and collect taxes. U.S. CONST. amend. XVI.

Second, and more fundamentally, the Constitution, including its authorization of a direct tax, applies to Chaffee. To quote from the Sixth Circuit, which itself quotes from the Tenth Circuit:

> To put the argument [that the Constitution does not apply to the Defendant] to rest, we quote the following from a Tenth Circuit opinion in which the court was responding to an identical tax-protester argument.
>
> . . . [Defendant]'s memorandum blithely ignored 18 U.S.C. § 3231 which explicitly vests federal district courts with jurisdiction over "all offenses against the laws of the United States." [Defendant] also conveniently ignored article I, section 8 of the United States Constitution which empowers Congress to create, define and punish crimes irrespective of where they are committed. *See United States v. Worrall,* 2 U.S. (2 Dall.) 384, 393, 1 L.Ed. 426 (1798) (Chase, J.). Article I, section 8 and the sixteenth amendment also empowers Congress to create and provide for the administration of an income tax; the statute under which defendant was charged and convicted, 26 U.S.C. § 7201, plainly falls within that authority. Efforts to argue that federal jurisdiction does not encompass prosecutions for federal tax evasion have been rejected as either "silly" or "frivolous" by a myriad of courts throughout the nation. In the face of this uniform authority, it defies credulity to argue that the district court lacked jurisdiction to adjudicate the government's case against defendant.
>
> . . . For seventy-five years, the Supreme Court has recognized that the sixteenth amendment authorizes a direct nonapportioned tax upon United States citizens throughout the nation, not just in federal enclaves, *see Brushaber v. Union Pac.*

> *R.R.,* 240 U.S. 1, 12-19, 36 S.Ct. 236, 239-42, 60 L.Ed. 493 (1916); efforts to argue otherwise have been sanctioned as frivolous....
>
> *United States v. Collins,* 920 F.2d 619, 629 (10th Cir.1990) (citations omitted), *cert. denied,* 500 U.S. 920, 111 S.Ct. 2022, 114 L.Ed.2d 108 (1991).

*United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (first emendation added). While a prosecution against Chaffee has not commenced, the lesson from *Collins* and *Mundt* should be carefully studied. The United States Constitution, the Internal Revenue Code, and the Code's accompanying criminal penalties apply to Chaffee. Any conclusory claims to the contrary and attempts at attacking the basic premises upon which the United States' revenue collection system rests are meritless and will not be further entertained.

### B.

Chaffee next claims that this Court lacks jurisdiction to adjudicate this matter. The basis of this contention is the same as that posed above. There is no case or controversy and so a jurisdictional prerequisite of this Court is not met.

As explained above, *supra* § II.A, this matter does present a case or controversy within the meaning of article III of the Constitution and this Court is the proper forum in which that case or controversy should be adjudicated.

### C.

Once more, Chaffee presses the claim that this is not a case or controversy, this time claiming that "the complaint is 'unfit for adjudication.'" ECF No. 3. His claim that this case (no complaint has been filed) is unfit for adjudication arises from his believe that "[t]his is not an adversary [sic] proceeding as there are no allegations [he] violated anyone's legal rights." Id. Chaffee does not elaborate on this argument any further.

To the extent that Chaffee contends he has not violated anyone's legal rights, he is incorrect. The Government alleges that he has violated the internal revenue code and, as explained above, is competent to take measures to enforce that code.

To the extent Chaffee claims that the nature and procedure of this proceeding against him is ex parte, he is also incorrect. The Supreme Court has explained:

> A person receiving an IRS summons is, as we have often held, entitled to contest it in an enforcement proceeding. The power "vested in tax collectors may be abused, as all power" may be abused. In recognition of that possibility, Congress made enforcement of an IRS summons contingent on a court's approval. And we have time and again stated that the requisite judicial proceeding is not *ex parte* but adversarial. The summoned party must receive notice, and may present argument and evidence on all matters bearing on a summons's validity.

*United States v. Clarke*, 134 S. Ct. 2361, 2367 (2014) (internal citations omitted). Chaffee has not been denied the opportunity to contest the summons issued to him. In fact, the order to show cause set a specific date at which Chaffee shall appear and have that opportunity. No right of Chaffee has yet been adjudicated in an *ex parte* manner. Indeed, no right of Chaffee has yet been adjudicated.

**D.**

Chaffee's next contention is that the petition to enforce the IRS summons is "fatally flawed" because "[t]here are no factual allegations [that] the laws in question are applicable to [him.]" ECF No. 3. Absent these allegations, he argues, it must be presumed that the Court lacks jurisdiction to enforce the petition and the summons. *Id*.

This argument does little more than rehash Chaffee's first contention that the Court lacks jurisdiction because the tax code does not apply to him. As stated above, it is meritless.

**E.**

Chaffee's fifth argument is that the Court's December 8, 2014 Order to Show Cause violates due process. Chaffee makes two claims to this end. First, he states that "the petition is

six months after the IRS meeting. Obviously there are no extraordinary circumstances warranting an ex parte filing. Given that the [show cause order] is coercive, notice and opportunity to defend is required prior to the order." ECF No. 3. This claim actually contains two separate points.

The first point Chaffee makes is that the ex parte petition is unnecessary. He does not support this contention. To the contrary, the affidavit of Revenue Officer Brenda Mead avers that Chaffee had previously been served with two separate summonses seeking compliance with the Internal Revenue Codes summons provisions. That is, the summonses sought Chaffee's appearance to account for his alleged non-compliance with the Code. Under the Code, when individuals do not comply with such summonses, the "district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data." 26 U.S.C.A. § 7604. The necessity of the petition is irrelevant, since the enforcement of the summonses is authorized by law and this proceeding complies with the Code's enforcement requirements.

Chaffee's second point is that the December 8, 2014 Order to Show Cause "is coercive" and so "notice and opportunity to defend is required prior to the order." ECF No. 3. Chaffee does not further substantiate this position. It is, however, meritless. Chaffee has been given notice of the proceeding and the fact that he will need to show cause why he should not be compelled to comply with the IRS summonses. ECF No. 2. Currently, Chaffee has only been ordered to appear for the purpose of defending against the summonses and an order compelling his compliance with said summonses. Id. The very fact that Chaffee has filed this motion in an attempt to dismiss the petition is evidence that he has been given notice of the proceedings against him and is attempting to now defend against the result sought by the Government in those proceedings.

Chaffee's second point also relates to the notice he has received of these proceedings but his allegation takes on a more concrete form. He claims that he has "not been given a copy of the petition and the agent's affidavit of good faith." ECF No. 3. Chaffee supports this contention with an affidavit submitted to the Court on February 24, 2014. ECF No. 7. In the affidavit, Chaffee alleges that while he received service of the December 8, 2014 Order to Show Cause, he did not receive a copy of the Government's petition and its accompanying exhibits. Id. The December 8, 2014 Order to Show Cause directed the Government to serve "a copy of th[e] Order, together with the petition and exhibits thereto" upon Chaffee.

The Government has responded that "[a] Deputy United States Marshal personally served Chaffee on January 9, 2015." ECF No. 6. Indeed, on January 21, 2015 a Certificate of Service was entered on the docket, ECF No. 4, referencing both the December 8, 2014 Order to Show Cause, ECF No. 2, and the Petition to Enforce IRS Summons, ECF No. 1. But aside from the electronic docket entry, nothing in the document itself indicates what exactly was served on Chaffee. This certificate is insufficient to show compliance by the Government with the December 8, 2014 Order to Show Cause. The Government will be directed to provide supplemental documentation attesting what materials were served on Chaffee pursuant to the Order to Show Cause. Even if the Government did not fully comply with the service requirements of the December 8, 2014 Order to Show Cause, that does not serve as a basis for dismissing the petition or "quashing" the December 8, 2014 Order. The disposition of Chaffee's motion will not be upset by any infirmities in the Government's service. If such infirmities exist, the may be remedied.

### F.

Chaffee's sixth claim is that the IRS "agent's credibility is at issue." ECF No. 3. According to Chaffee, "[t]he agent cannot be acting in good faith because there is no evidence the constitution [sic] and [tax] code apply to me and there is jurisdiction." Id. Once more, Chaffee treads covered ground. The IRS agent, Brenda Mead, is not acting in bad faith because the United States Constitution and the Internal Revenue Code both apply to Chaffee. Perhaps Chaffee has a compelling argument for why he is exempt from enforcement. If that is so, he is free to raise those grounds at his show cause hearing. To the extent he makes the bare allegation that he is outside the jurisdiction of the United States and its laws, he errs and his motion will be denied.

### G.

Lastly, Chaffee contends that it is "unfair to coerce testimony." ECF No. 3. He writes that "[t]he mere fact the IRS wants me threatened with jail is evidence of extreme bad faith. Answer our questions or go to jail is NOT good faith unless one is a sociopath." *Id.* But, as oft-repeated herein, the tax code does apply to Chaffee, absent some showing that he is exempt. Under the tax code, the IRS is empowered "[t]o summon the person liable for tax . . . to appear before the Secretary at a time and place named in the summons and . . . to give such testimony, under oath, as may be relevant or material to [a tax liability] inquiry[.]" 26 U.S.C.A. § 7602(a)(2). Thus, Chaffee can be required to give testimony under oath regarding the IRS' inquiry into his liability or internal revenue tax, or any other purpose contemplated in § 7602 of the Internal Revenue Code.

## III.

Accordingly, it is **ORDERED** that Defendant Chaffee's Motion to Dismiss and Quash, ECF No. 3, is **DENIED**.

It is further **ORDERED** that the Government is **DIRECTED** to provide supplemental documentation, filed on the docket, attesting what materials were served on Chaffee pursuant to the Order to Show Cause on or before **March 3, 2015**.

Dated: March 3, 2015                                            s/Thomas L. Ludington
                                                                THOMAS L. LUDINGTON
                                                                United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was personally served upon each attorney and party of record herein on March 3, 2015.

s/Suzanne M. Gammon
SUZANNE M. GAMMON

---